IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PAUL STAFFORD and TELEA STAFFORD, | § § § | |
| Plaintiffs, | § § | |
| V. | § | No. 3:21-cv-3029-E-BN |
| | § | |
| WILLIMGTON TRUST, NATIONAL ASSOCIATION, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELY AS TRUSTEE FOR MFRA TRUST 2014-2 TRUST and FAY SERVICING, LLC, | § § § § § § § § | |
| Defendants. | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge Ada Brown. *See* Dkt. Nos. 3, 32.

Defendants Wilmington Trust, National Association, not in its individual capacity, but solely as Trustee for MFRA Trust 2014-2 ("Wilmington") and Fay Servicing, LLC have filed a Motion for Summary Judgment. *See* Dkt. No. 15. Plaintiffs Paul Stafford and Telea Stafford have filed a response, *see* Dkt. No. 21, and Defendants have filed a reply, *see* Dkt. No. 29.

For the reasons explained below, the Court should grant the motion because Plaintiffs' claims are barred by res judicata.

## Background

On November 30, 2007, Plaintiffs executed a Note to finance the purchase of real property and a Deed of Trust to secure payment of the Note (collectively, the "Loan Agreement"). *See* Dkt. No. 16-3 at 13-19 (Note), 20-41 (Deed of Trust). Wilmington is the successor to the original lender and Fay Servicing is Wilmington's loan servicer.

### I.     The Previous Lawsuit

On December 13, 2018, Plaintiffs sued Wilmington and Fay Servicing to prevent foreclosure. *See Stafford v. Wilmington Trust, Nat'l Ass'n,* No. 3:18-cv-3274-N (N.D. Tex.); Dkt. No. 16-2 at 2-10. Plaintiffs alleged that Wilmington and Fay Servicing breached the Loan Agreement and should not be permitted to foreclose on Wilmington's Deed of Trust lien. *See id.*

Defendants brought a counterclaim for breach of the Loan Agreement, seeking an order authorizing foreclosure. *See* Dkt. No. 16-3 at 5-11.

The parties engaged in settlement negotiations from December 2018 through July 15, 2019. *See* Dkt. No. 16-1 at 3; Dkt. No. 16-6 at 6.

The Court granted Defendants' motion for summary judgment on all of Plaintiffs' claims and Defendants' breach-of-contract counterclaim on March 30, 2020. *See Stafford*, No. 3:18-cv-3274-N at Dkt. No. 36.

The Court entered Final Judgment on September 21, 2020. *See* Dkt. No. 16-4. The Court dismissed all of Plaintiffs' claims with prejudice. The Court ordered that Plaintiffs defaulted on the loan, the default had not been cured, all conditions

-2-

precedent for recovery under Defendants' breach-of-contract claim had been accomplished, and Defendants were statutorily entitled to proceed with foreclosure under the Deed of Trust. The Court's Final Judgment then authorized Defendants to foreclose their Deed of Trust lien on the real property.

The United States Court of Appeals for the Fifth Circuit affirmed on August 30, 2021. *See* Dkt. No. 16-5.

II.    This lawsuit

Defendants scheduled a December 7, 2021, foreclosure sale of the property.

On December 6, 2021, Plaintiffs again sued Wilmington and Fay Servicing to prevent foreclosure. *See* Dkt. No. 1-1 at 5-28. This time, Plaintiffs allege that Defendants cannot foreclose because the settlement negotiations in the previous lawsuit resulted in an enforceable loan modification agreement and stay of foreclosure proceedings. They assert claims for breach of contract, breach of the duty of good faith and fair dealing, fraud, fraudulent inducement, business disparagement, tortious interference with existing and prospective business relationships, loss of existing and prospective business relationships and opportunities, and unjust enrichment.

On December 6, 2021, Defendants removed this case from state court. *See* Dkt. No. 1. After removal, Plaintiffs amended their complaint to add a request for emergency injunctive relief. *See* Dkt. No. 2. The Court denied the request for emergency injunctive relief the same day, stating that,

[a]fter Plaintiffs' losses in the companion case, Plaintiffs filed a new

case in state court, seeking relief from a foreclosure which the federal courts ruled could proceed. The foreclosure issue is now back before the Court, this time with a different Judge and a different cause number. Based on the prior Court rulings, the Court denies the requested relief.

Dkt. No. 6 at 3.

After the Court denied the request for emergency injunctive relief, Telea Stafford filed for Chapter 13 bankruptcy protection. *See* Dkt. No. 5. As a result of the automatic bankruptcy stay, the foreclosure sale scheduled for December 7, 2020 did not occur.

Defendants now seek summary judgment, arguing that Plaintiffs' claims are barred by res judicata because they could have been litigated in the previous lawsuit and that, even if they were not barred, Plaintiffs' claims fail as a matter of law. *See* Dkt. Nos. 15 & 16.

The undersigned concludes that the motion for summary judgment should be granted.

## Legal Standards

Under Federal Rule of Civil Procedure 56, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual "issue is material if its resolution could affect the outcome of the action." *Weeks Marine, Inc. v. Fireman's Fund Ins. Co.*, 340 F.3d 233, 235 (5th Cir. 2003). "A factual dispute is 'genuine,' if the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Crowe v. Henry*, 115 F.3d 294, 296

(5th Cir. 1997).

If the moving party seeks summary judgment as to his opponent's claims or defenses, "[t]he moving party bears the initial burden of identifying those portions of the pleadings and discovery in the record that it believes demonstrate the absence of a genuine issue of material fact, but is not required to negate elements of the nonmoving party's case." *Lynch Props., Inc. v. Potomac Ins. Co.*, 140 F.3d 622, 625 (5th Cir. 1998). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). "Summary judgment must be granted against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which it will bear the burden of proof at trial. If the moving party fails to meet this initial burden, the motion must be denied, regardless of the nonmovant's response." *Pioneer Expl., L.L.C. v. Steadfast Ins. Co.*, 767 F.3d 503, 511 (5th Cir. 2014) (internal quotation marks and footnote omitted). "Once the moving party meets this burden, the nonmoving party must set forth" – and submit evidence of – "specific facts showing a genuine issue for trial and not

rest upon the allegations or denials contained in its pleadings." *Lynch Props.*, 140 F.3d at 625; *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *accord Pioneer Expl.*, 767 F.3d at 511 ("[T]he nonmovant cannot rely on the allegations in the pleadings alone" but rather "must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." (internal quotation marks and footnotes omitted)).

The Court is required to consider all evidence and view all facts and draw all reasonable inferences in the light most favorable to the nonmoving party and resolve all disputed factual controversies in favor of the nonmoving party – but only if the summary judgment evidence shows that an actual controversy exists. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Pioneer Expl.*, 767 F.3d at 511; *Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536, 540 (5th Cir. 2005); *Lynch Props.*, 140 F.3d at 625. "The evidence of the nonmovant is to be believed, and all justifiable inferences are to be drawn in [her] favor. While the court must disregard evidence favorable to the moving party that the jury is not required to believe, it gives credence to evidence supporting the moving party that is uncontradicted and unimpeached if that evidence comes from disinterested witnesses." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 942-43 (5th Cir. 2015) (internal quotation marks and footnotes omitted). And "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not sufficient to defeat a motion for summary judgment," *Brown v. City of Houston,* 337 F.3d 539,

541 (5th Cir. 2003), and neither will "only a scintilla of evidence" meet the nonmovant's burden, *Little*, 37 F.3d at 1075; *accord Pioneer Expl.*, 767 F.3d at 511 ("Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial." (internal quotation marks and footnote omitted)). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (internal quotation marks omitted).

Rather, the non-moving party must "set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it; or (4) issue any other appropriate order." Fed. R. Civ. P. 56(e).

And "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Pioneer*

*Expl.*, 767 F.3d at 511 (internal quotation marks and footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott*, 550 U.S. at 380 (internal quotation marks and emphasis omitted). And, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id.*

"After the nonmovant has been given an opportunity to raise a genuine factual issue, if no reasonable juror could find for the nonmovant, summary judgment will be granted." *DIRECTV, Inc. v. Minor*, 420 F.3d 546, 549 (5th Cir. 2005) (footnote and internal quotation marks omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Scott*, 550 U.S. at 380 (internal quotation marks omitted).

The Court will not assume "in the absence of any proof ... that the nonmoving party could or would prove the necessary facts" and will grant summary judgment "in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." *Little*, 37 F.3d at 1075. "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment," and "[a]

failure on the part of the nonmoving party to offer proof concerning an essential element of its case necessarily renders all other facts immaterial and mandates a finding that no genuine issue of fact exists." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006) (internal quotation marks omitted).

If, on the other hand, "the movant bears the burden of proof on an issue, either because he is the plaintiff or as a defendant he is asserting an affirmative defense, he must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). The "beyond peradventure" standard imposes a "heavy" burden. *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, No. 3:04-cv-1866-D, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007). The moving party must demonstrate that there are no genuine and material fact disputes and that the party is entitled to summary judgment as a matter of law. *See, e.g., Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003). On such a motion, the Court will, again, "draw all reasonable inferences in favor of the non-moving party." *Chaplin v. NationsCredit Corp.*, 307 F.3d 368, 372 (5th Cir. 2002).

## Analysis

I.   <u>The bankruptcy automatic stay does not apply.</u>

The automatic stay provision of 11 U.S.C. § 362(a)(1) forbids "the commencement or continuation ... of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the

commencement of the [bankruptcy case], or to recover a claim against the debtor that arose before the [bankruptcy case]." 11 U.S.C. § 362(a)(1). "Against the debtor" means that Congress intended only to stay suits filed against bankrupt debtors, not suits filed by bankrupt debtors. *See McMillan v. MBank Fort Worth, N.A.,* 4 F.3d 362, 366 (5th Cir. 1993); *see also In re Merrick,* 175 B.R. 333, 336 (B.A.P. 9th Cir. 1994) ("[T]he stay is inapplicable to postpetition defensive action in a prepetition suit brought by the debtor.").

Because Plaintiffs filed this lawsuit, the automatic stay does not apply, and Defendants are not prohibited from seeking to dismiss Plaintiffs' claims through a motion for summary judgment.

II.     This lawsuit is barred by res judicata.

The doctrine of res judicata, or claim preclusion, "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit." *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). In the Fifth Circuit, res judicata is appropriate if four conditions are met: (1) the parties in the subsequent action are identical to, or in privity with, the parties in the prior action; (2) the judgment in the prior case was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action is involved in both suits. *See id.; see also Ellis v. Amex Lif Ins. Co.,* 211 F.3d 935, 937 (5th Cir. 2000).

Here, all four conditions are met.

First, the parties to the two lawsuits are identical.

Second, the judgment in the prior case was rendered by the United States District Court for the Northern District of Texas and affirmed by the United States Court of Appeals for the Fifth Circuit, both of which are courts of competent jurisdiction.

Third, the prior lawsuit was concluded by a final judgment on the merits.

Fourth, the same claim or cause of action is involved in both lawsuits

To determine whether both suits involve the same claim or cause of action, the court uses a "transactional test." As the Fifth Circuit has explained:

> Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff with respect to all or any part of the transaction, or series of connected transactions, out of which the original action arose. What grouping of facts constitutes a "transaction" or a "series of transactions" must be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage. If a party can only win the suit by convincing the court that the prior judgment was in error, the second suit is barred.

*Test Masters*, 428 F.3d at 571 (internal citations omitted). The critical issue is whether the two suits are based on the "same nucleus of operative facts." *Id.; see also In re Ark-La-Tex Timber Co* 482 F.3d 319, 330 (5th Cir. 2007); *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). "Res judicata prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." *Brown v. Felsen*, 442 U.S. 127, 131 (1979).

In the previous lawsuit, Plaintiffs alleged Defendants could not foreclose

because they had not provided Plaintiffs with Notices of Default. Defendants filed a counterclaim for breach of contract and sought nonjudicial foreclosure as the remedy. The Court rendered Final Judgment in Defendants' favor. In the Final Judgment, the Court stated that Plaintiffs had defaulted on the Loan Agreement, all conditions precedent necessary had been met, and Defendants were statutorily entitled to proceed with foreclosure under the terms of the Deed of Trust.

In this lawsuit, Plaintiffs again allege Defendants cannot foreclose. They now recast their case as one for breach of an alleged settlement agreement reached during the pendency of the previous lawsuit. That claim could have been raised as a defense to Defendants' counterclaim before the Court rendered Final Judgment in the previous lawsuit. And the Court in this case cannot give Plaintiffs the relief they now request without undoing the prior Court's Final Judgment. *See New York Life Ins. Co. v. Gillispie,* 203 F.3d 384, 387 (5th Cir. 2000) ("If a party can only win the suit by convincing the court that a prior judgment was in error, the second suit is barred.").

Plaintiffs' other claims also arise from the same nucleus of operative facts. Plaintiffs' fraud, fraudulent inducement, and unjust enrichment claims are based on allegations that the parties reached a settlement agreement that Defendants failed to honor. Plaintiffs' claims of business disparagement, tortious interference with existing and prospective business relationships, and loss of existing and prospective relationships and opportunities concern harm Plaintiffs allegedly experienced due to Defendants' attempts to foreclose on their property. Plaintiffs could and should have

raised these claims before the Court rendered Final Judgment in the prior lawsuit.

The Court should dismiss this lawsuit with prejudice because it is barred by res judicata.

## Recommendation

The Court should grant Defendants' Motion for Summary Judgment [Dkt. No. 15] and dismiss Plaintiffs' claims with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2023

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE